RAFAEL ARGÜELLES FERNÁNDEZ, Plaintiff and Appellee, v. PEDRO COSME ET UX., Defendants and Appellants.

No. 6246. Argued May 17, 1933.—Decided May 24, 1933.

Armando A. Miranda for appellants. Ignacio Morales Acosta for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action of unlawful detainer. It was commenced in the District Court of Bayamón, in March 1932. After the trial, plaintiff moved to dismiss the action, and the court granted the motion. Thereupon the defendants took an appeal, which was sustained. Argüelles v. Cosme, 44 P.R.R. 162. The case was remanded to the district court where it originated and said court finally rendered judgment on the merits, dismissing the complaint without special imposition of costs.

The concluding paragraph of the statement of the case and opinion upon which the judgment is based, reads as follows:

"The complaint must be and it is hereby dismissed without special imposition of costs. Defendant was granted leave to sue in forma pauperis in accordance with section 7 of Act No. 17 of 1915, and relieved from the payment of costs, for which reason he has paid none. The attorney for the defendant expressed himself in the sense that he would render his services gratuitously to said defendant in view of his poverty. The clerk will enter judgment accordingly."

The defendants again appealed. They complain of the pronouncement of costs. They maintain that the same should have been imposed on plaintiff. In our opinion they are correct.

We are not dealing here with any exercise of discretion on the part of the court, but even if we did, we would have to decide that the attendant circumstances of the case demanded the imposition of costs on plaintiff, as his obstinacy appears clearly from the record. He himself admitted that he had sued without justification when he abandoned the suit.

An erroneous interpretation of the law is involved. What induced the court not to impose the costs on plaintiff was its belief that, as the defendants had litigated *in forma pauperis*, the costs were nonexistent, especially when their attorney had stated that he would render his services without remuneration.

The record does not show any waiver of his fees by the attorney for the defendants, and as to the allowance of costs in cases of insolvency the jurisprudence has established that, "unless there is a statute prohibiting the recovery, although he pays no costs, one suing *in forma pauperis* may recover costs if successful." See 15 C.J. 239. In Puerto Rico there is no law prohibiting such recovery.

It can well be understood how this should be so. Courts of justice are maintained at a cost which is generally high. The people advance the necessary funds for such expenses out of the general taxes which they impose upon themselves through their Legislature, and they further ordain that those using the courts must contribute to their cost. As there are litigants who, by reason of their insolvency, are unable to pay anything and who may have a good cause of action, the people have consented to exempt them from the payment of the scheduled fees fixed and have ordered their officers to render their services gratuitously to them, subject to the condition that if they obtain a favorable decision and the party contesting the case does so with obstinacy, said party must bear the obligation to pay not only his own cost but also those which his opponent should have paid. "And in all civil cases," provides section 5 of an Act providing for Stenographers of District Courts, "in which a party to an

action shall file the required affidavit, showing his inability to pay the cost required by law, such person shall be entitled to the gratuitous services of the court stenographer on the same terms as the same are given to indigent persons in criminal cases, and the fees of the stenographer shall be included in the costs when the latter are imposed upon the party able to pay same.''

Similarly as to the attorney's fees. The profession must always be ready to serve not only those who have means but also those who are insolvent. The same mental effort and hours of work are necessary in both instances, with the only difference that in the first case the lawyer begins by collecting, or with the prospect of collecting his fees, while in the second he starts his work without receiving any advance remuneration, and if he loses none is paid to him. If he is successful, it is only just that the litigant who acted with obstinacy should be charged with the obligation of paying to the prevailing party the reasonable value of the services of his attorney so that said party may in turn pay his debt.

By reason of all the foregoing, the judgment appealed from must be modified by eliminating therefrom the words ''without special imposition of costs,'' and substituting in lieu thereof the following: ''with costs to plaintiff''; and, as so modified, the judgment is affirmed.